UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA PICARD, Individually and
on behalf of all others similarly
situated

       Plaintiff,

v.                             Case No:  2:15-cv-278-FtM-38CM

DAVID CROWTHER, CFS
ROOFING SERVICES, LLC and
CROWTHER HOLDINGS INC.,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of Joint Motion for Approval of Settlement (Doc. 30) filed on February 4, 2016.   The parties provided a copy of the Settlement Agreement for the Court's review.   Doc. 30-1.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.   Upon review of the motion and the parties' settlement agreement, the motion will be denied without prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.

*Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff Joshua Picard ("Picard") filed a collective action complaint seeking recourse for alleged violations of the overtime provisions of the FLSA.   Doc. 1.   Picard was employed by Defendants as "laborer/installer/foreman" and was responsible for installation of roofs in both commercial and residential buildings.   Doc. 12 at 1.   Picard's hourly rate was $13.00 per hour.   *Id.* at 2. Plaintiff Sixto Rodriguez ("Rodriguez") filed his consent to join this collective action to recover his unpaid overtime wages.   Doc. 9.   Rodriguez also was employed by Defendants as "laborer/installer/foreman" and was responsible for installation of

roofs in both commercial and residential buildings.   Doc. 13 at 1.   Rodriguez's hourly rate was $19.00 per hour.   *Id.* at 2.   The complaint alleges that

> Defendants had a policy against paying installers, roofers, or manual laborers overtime wages for the time spent at the warehouse or corporate office prior to arriving at the job site; as well as the time spent traveling from the main office or warehouse to the jobsite; nor the time spent traveling back to the warehouse or main office and the time spent at the warehouse or main office at the end of the shift or day.

Doc. 1 at 5.   Defendants have responded to the complaint substantially denying most of the allegations and asserting six affirmative defenses.   Doc. 7.

Picard and Rodriguez each filed their Answers to the Court's Interrogatories. Docs.   12, 13.   In his answers, Picard stated that from May 1, 2012 to June 1, 2015, he was entitled to twenty (20) overtime hours per week, for which he was not paid. Doc. 12 at 2.   Picard claimed $64,400.00 as his total overtime compensation due.   *Id.* In his answers, Rodriguez stated that from June 3, 2012 to June 1, 2015, he was entitled to fifteen (15) overtime hours per week, for which he was not paid.   Doc. 13 at 2.   Rodriguez claimed $66,690.00 as his total overtime compensation due.   *Id.*

The parties' settlement agreement indicates that Defendants will pay Picard and Rodriguez $1,250.00 each for alleged unpaid wages and $1,250.00 each as liquidated damages.   Doc. 30-1 at 2.   While this represents a substantial compromise, the parties explain this compromise by stating that "[d]uring the course of discovery[,] the Defendants produced hundreds of pages of payroll records, time records and GPS records which the parties used to determine what damages, if any, are owed to Plaintiffs."   Doc. 30 at 2.   Additionally, the parties represent that the "proposed settlement is the product of serious and informed discussions between the

[p]arties. All parties were counseled and represented by respective attorneys throughout the litigation and settlement process." *Id.* at 3-4.

Plaintiffs are represented by independent counsel who are obligated to vigorously represent their clients. Docs. 1 at 10-11, 9 at 2. The parties expressly state that they agreed to accept a compromised amount to avoid the uncertainties and expense of litigation. Doc. 30 at 3. The parties also expressly agree that "the monies paid to the Plaintiffs represent a reasonable compromise of the disputed issues." *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. *See Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-CV-63-ORL-28GJK, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.") (*citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977[1])). Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation*

---

[1] In *Bonner v. City of Richard*, 661 F.2d 1206, 1207, 1209 (11th Cir.)(*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

*adopted*, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011) (approving a compromise of nearly half of plaintiff's claim in light of the strength of the defenses); *see also Dorismond*, 2014 WL 2861483 (approving a settlement of approximately 1.5% of plaintiff's initial claim due to the plaintiff's review of time sheets, payroll records, and other documents provided by the defendant, which led plaintiff to realize the overestimation of his initial claim).

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $10,000.00.   Doc. 30-1 at 2.   The parties state that they negotiated the amount of attorneys' fees and costs separately, so as to not affect Plaintiffs' recovery.   Docs. 30 at 3, 30-1 at 2.   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 30 at 4.   Thus, having reviewed the settlement agreement (Doc. 30-

1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

Upon full review of the Settlement Agreement, however, the Court notes that it contains a confidentiality provision.   Doc. 30-1 at 3, ¶6.   Pursuant to *Dees v. Hydradry, Inc.*, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."   706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (order adopting report and recommendation) (recommending striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (quoting *Dees*, 706 F. Supp. 2d at 1242).   In fact, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions."   *Pariente*, 2014 WL 6389756, at *5 (citing cases).

As set forth in *Dees*, the Court does not consider the settlement to be confidential, and notes that the settlement agreement was filed in the public court record.   Thus, the Court directs the parties to refile for the Court's review the settlement agreement signed by all parties with the confidentiality provision removed, attached to an amended joint motion for approval of the FLSA settlement agreement.   In all other respects, the settlement appears to be fair and reasonable.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Joint Motion for Approval of Settlement (Doc. 30) is **DENIED without prejudice**.

2.      The parties shall have up to and including February 19, 2016 to file an amended joint motion requesting the Court's approval of the FLSA settlement agreement in compliance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), and this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record